IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| EMERGENCY STAFFING SOLUTIONS, INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. _____ |
| COFFEE MEDICAL GROUP, LLC, | ) ) ) |
| Defendant. | ) |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Emergency Staffing Solutions, Inc. ("Plaintiff" or "ESS") files this Plaintiff's Original Complaint against Defendant Coffee Medical Group, LLC d/b/a United Regional Medical Center and also d/b/a Unity Medical Center ("Defendant" or "UMC") and would respectfully show this Court as follows:

## I.
## Parties

1. Plaintiff Emergency Staffing Solutions, Inc. is a Texas corporation with its principal place of business in Collin County, Texas.

2. Defendant Coffee Medical Group, LLC is a Tennessee limited liability company. Defendant also uses the assumed names United Regional Medical Center and Unity Medical Center. Defendant may be served with process through its registered agent, Martha McCormick, at 481 Interstate Dr., Manchester, TN 37355.

[1]

## II.
## Jurisdiction and Venue

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1332, as the parties are completely diverse and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant resides in this District and because a substantial part of the event or omissions giving rise to the claims occurred in this District.

## III.
## Factual Allegations

5. ESS specializes in the business of contracting with hospitals to provide, among other things, emergency billing and physician staffing services.

6. ESS maintains its principal place of business in Collin County, Texas. From its Collin County location, ESS manages its contractual relationships with physicians, processes payment for those physicians, negotiates staffing service contracts, negotiates independent contractor contracts, and otherwise manages its physician staffing business.

7. ESS expends substantial resources to attract and retain qualified emergency department physicians to provide services for its hospital clients.

8. ESS's development of contractual relationships with qualified emergency physicians ("Emergency Physicians") gives ESS a competitive advantage in the industry and constitutes a significant factor in ESS's ability to attract new hospital clients.

9. To protect and maintain its contractual relationships, ESS routinely enters into no-hire agreements that, during a defined period, prevents ESS's hospital clients from attempting to hire ESS's Emergency Physicians without compensation to ESS. No-hire agreements are

standard in the physician-staffing industry and hospitals routinely negotiate, agree to, and comply with, contracts that contain no-hire agreements.

10. On or about January 1, 2012, ESS and Defendant entered into a contract whereby ESS agreed to provide emergency department billing and physician staffing services to Defendant in exchange for Defendant's agreement to compensate ESS for those services (the "Agreement").

11. ESS performed all of its obligations under the Agreement.

12. The Agreement terminated on or about June 21, 2016 due to Defendant's failure to pay ESS for services rendered.

13. As of the date of this Plaintiff's Original Complaint, Defendant owes ESS in excess of $469,000.00 for services rendered, finance charges and volume guarantees under the Agreement.

14. A no-hire provision in Paragraph 8 of the Agreement provides that, during the term of the Agreement and for a period of 24 months after the termination of the Agreement, Defendant cannot:

> . . . directly or indirectly (including, without limitation, through a controlled affiliate) solicit, retain, employ contract with or otherwise engage or be the beneficiary of the professional services of [the Emergency Physicians"] . . .

15. Paragraph 8 of the Agreement further provides that ESS may, in its sole discretion, elect to waive the restrictive covenant set forth in Paragraph 8 upon ESS's receipt of compensation in the amount of $50,000 per physician.

16. After the parties' termination of the Agreement, ESS discovered that Defendant retained the services of at least one of the Emergency Physicians that provided medical services

[3]

Case 4:17-cv-00002-TRM-CHS   Document 1   Filed 01/18/17   Page 3 of 6   PageID #: 3

to Defendant in the satisfaction of ESS's obligations under the Agreement. Defendant is well aware that this action is a blatant violation of the Agreement. Accordingly, ESS has the option to seek $50,000 for each Emergency Physician that is retained.

17. ESS's has contacted Defendant, notified Defendant of its breach of the Agreement due to its failure to pay for services rendered and demanded that Defendant pay ESS per the terms of the Agreement.

18. To date, Defendant has failed and refuses to pay ESS as required by the terms of the Agreement.

19. ESS now brings this lawsuit and seeks monetary damages resulting from Defendant's breaches of the Agreement.

## IV.
## Causes of Action/Remedies

**Count I:** **Breach of Contract**

20. ESS hereby incorporates the allegations contained in the foregoing paragraphs as if restated in full herein.

21. Defendant entered into an Agreement whereby it agreed to pay ESS for services provided under the Agreement. The Agreement further provides that, during the term of the Agreement and for a period of 24 months after the termination of the Agreement, Defendant must refrain from retaining the services of the Emergency Physicians that provided medical services to Defendant in the satisfaction of ESS's obligations under the Agreement.

22. Defendant breached the Agreement by failing to refrain from retaining the services of at least one of the Emergency Physicians during the restricted period.

23. Defendant also breached the Agreement by failing to timely pay ESS for services provided.

[4]

24. As a result of Defendant's breaches of the Agreement, ESS has been damaged in an amount to be determined at trial, but in excess of the minimum jurisdictional limits of this Court.

V.
**Request for Relief**

CONSIDERING THESE PREMISES, ESS respectfully requests that, upon final resolution of this matter, this Court enter a judgment against Defendant Coffee Medical Group, LLC d/b/a United Regional Medical Center and d/b/a Unity Medical Center for the following relief:

(A) Monetary damages in an amount to be determined at trial, but not less than $500,000.00;

(B) All attorneys' fees and costs of court;

(C) Any and all costs and reasonable attorneys' fees incurred in any and all related appeals and collateral actions, if any;

(D) Pre-judgment and post-judgment interest on all sums at an interest rate of 18% per the terms of the Agreement; and

(E) Such other and further relief to which this Court deems that ESS is justly entitled.

Respectfully submitted,

/s/ John M. Hafen
Texas State Bar No. 24057879
jmh@hanshawkennedy.com
David R. Wortman, Jr.
Texas State Bar No. 24093392
drw@hanshawkennedy.com

[5]
Case 4:17-cv-00002-TRM-CHS   Document 1   Filed 01/18/17   Page 5 of 6   PageID #: 5

HANSHAW KENNEDY, LLP
1415 Legacy Drive, Suite 350
Frisco, Texas 75034
Telephone: (972) 731-6500
Telecopier: (972) 731-6555


/s/ Robert S. Peters
Robert S. Peters, BPR No. 3630
**SWAFFORD, PETERS, PRIEST & HALL**
120 North Jefferson Street
Winchester, Tennessee 37398
Telephone: (931) 967-3888
Facsimile: (931) 967-2172
rspeters@spphlaw.com


**ATTORNEYS FOR PLAINTIFF**

[6]